UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CANDIES SHIPBUILDERS, LLC                    CIVIL ACTION

VERSUS                                       NO. 15-1798

WESTPORT INS. CORP.                          MAGISTRATE JUDGE
                                             JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

Third-party defendant National Bill Audit Services, LLC ("National"), filed a Motion to Dismiss Westport Insurance Corporation's Third-party Demand for Failure to State a Claim upon Which Relief Can Be Granted, or Solely in the Alternative to Enforce Arbitration Agreement and Stay the Third-party Demand Pending Arbitration. Record Doc. No. 24. National's memorandum suggests that Westport's third-party complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), 12(c) and/or 56. If the court denies the motion to dismiss, National alternatively seeks a stay of the third-party complaint and referral of Westport's claim to arbitration pursuant to the contract between these parties. Westport filed a timely opposition memorandum. Record Doc. No. 27. National received leave to file a reply memorandum. Record Doc. Nos. 28, 30, 31.

I.   STANDARDS FOR A MOTION TO DISMISS

In its third-party complaint, Westport quoted from its contract with National that is the basis for its third-party demand, but did not attach the contract to its complaint.

National attached to its motion to dismiss a copy of the Letter of Agreement between the two parties, a statement of uncontested material facts and an affidavit verifying the authenticity of the contract.  Because the motion includes exhibits that are not in the pleadings and a statement of uncontested material facts, it appears either that National is moving for summary judgment under Rule 56 or that its Rule 12(b)(6) motion to dismiss should be converted to a motion for summary judgment under Rule 12(d)–all possibilities that National presents in its motion without actually advocating for a particular choice of procedures.  Rule 12(c) is inapplicable because National filed its motion to dismiss under Rule 12(b)(6) before filing any responsive pleading.  Young v. City of Houston, 599 F. App'x 553, 554 (5th Cir. 2015) (citing Fed. R. Civ. P. 12(b), 12(h)).  Despite its attachment of exhibits outside the pleadings, National's motion is properly construed under Rule 12(b)(6).

> Ordinarily, we are confined to reviewing the allegations in the plaintiff's complaint, including its attachments, when reviewing a district court's ruling on a motion to dismiss under Rule 12(b)(6).  We "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."

Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc., No. 14-10819, 2015 WL 4732085, at *9 (5th Cir. Aug. 11, 2015) (quoting Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014)).

- 2 -

This standard applies to National's motion to dismiss.  The only facts in National's statement of uncontested material facts and memorandum in support are repetitions of allegations from the pleadings in this case and quotations from the Letter of Agreement between National and Westport.  Westport's third-party complaint refers to that contract, which is the sole basis of Westport's demand against National.  The affidavit of National's president attached to its motion to dismiss merely verifies the authenticity of the attached copy of the contract.  In these circumstances, the court considers the contract as central to Westport's third-party complaint and construes National's motion as a motion to dismiss under Rule 12(b)(6).  However, the result would be the same under Rule 56 because National's motion presents a question of law.

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  The Supreme Court recently clarified this standard:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).  Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.  Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must 'accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff.'" Harold H. Huggins Realty, 634 F.3d at 803 n.44 (quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)) (internal quotation omitted); accord Jabary v. City of Allen,  547 F. App'x 600, 604 (5th Cir. 2013) (quoting Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008)).  "With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 664).

## II.   BACKGROUND

The following background is drawn from the factual allegations in plaintiff's complaint against Westport, Record Doc. No. 1, and Westport's third-party complaint against National, Record Doc. No. 20, which the court must accept as true at this stage in the litigation. Murchison Capital Partners, 2015 WL 4732085, at *9 (citing Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014)).  According to plaintiff's complaint, Westport issued an Excess Medical Indemnity Policy (the "Policy") to plaintiff Candies Shipbuilders, LLC, whereby Westport agreed to reimburse Candies for medical benefit claims paid by Candies on behalf of its employees and their covered dependents under plaintiff's Employee Benefit Plan during the policy period.  A premature baby covered under plaintiff's employee benefit plan was hospitalized for several months and incurred

- 4 -

huge hospital bills.  Candies paid the hospital for its charges, then sought reimbursement from Westport pursuant to the Policy.

Westport denied a portion of Candies' claim.  Plaintiff alleges that Westport's stated reason was billing errors and the inclusion in the hospital bill of unbundled and duplicative charges that were not reimbursable under the Policy.  Candies further alleges that Westport's sole reason for denying Candies' claim was a review of the itemized hospital bill performed by National, which was acting as Westport's agent.  Candies states that, after additional efforts to have Westport reimburse it, Westport continued to deny plaintiff's claim, again citing National's analysis.  Candies alleges that Westport breached its obligations under the Policy and its statutory duties as an insurer under Louisiana law.  Plaintiff seeks damages under the Policy for the unpaid portion of its claim and extra-contractual statutory damages and penalties under Louisiana law.

Westport's amended answer asserts an affirmative defense that plaintiff's damages resulted from actions or omissions of third parties for whom defendant is not liable. Record Doc. No. 19 at p. 12.  Westport's third-party complaint alleges that plaintiff's complaint states that Westport denied Candies's claim based upon a report by National and that Westport's reliance on National's report caused plaintiff's damages.  Westport alleges that National "is conventionally obligated to provide Westport defense and indemnity in this matter, pursuant to Paragraph 50 of the Letter of Agreement between" the parties, which provides in relevant part:

- 5 -

> [National] shall indemnity [sic] and hold COMPANY [Westport] harmless from any loss, damage, expense, cost, cause of action, demand, penalty, fine, or claim, including the cost of any litigation or administrative proceeding and counsel fees arising out of any negligent or willful act or failure to act on the part of [National], or any employee, agent, or representative of [National], in connection with the services contemplated by this Agreement.

Third-party Complaint, Record Doc. No. 20 at ¶ 4; <u>see also</u> Letter of Agreement, Record Doc. No. 24-2 at p. 7 ¶ 50.

## III.   <u>ANALYSIS</u>

### A.   <u>The Motion to Dismiss Is Denied</u>

National argues that neither its Letter of Agreement with Westport nor applicable law obligates it to defend or indemnify Westport against Candies' claims in this lawsuit.

National contends that paragraph 50 of its contract with Westport

> does <u>not</u> state that it covers claims which are alleged to arise in whole or in part out of Westport's own wrongful conduct or breach of its own alleged contractual or statutory duties, and thus <u>as a matter of law that contractual provision does not obligate [National] to defend or indemnify Westport against Candies' claims</u> - - which in turn seek only to hold Westport liable for its own alleged wrongful conduct and for its own alleged breach of contractual and statutory duties, rather than for any alleged breach of contract or statutory duties by [National].

Record Doc. No. 24-3 at p. 6.

The contract between Westport and National states that it is "governed by, construed, and enforced in accordance with the laws of the State of Florida." Letter of Agreement, Record Doc. No. 24-2 at p. 7, ¶ 34. None of the decisions from the Supreme

Court of Florida cited by National, see Sanislo v. Give Kids the World, Inc., 157 So. 3d 256, 261-64 (Fla. 2015) (citing Cox Cable Corp. v. Gulf Power Co., 591 So. 2d 627, 629 (Fla. 1992); Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So. 2d 487, 488 (Fla. 1979); Univ. Plaza Shopping Ctr., Inc. v. Stewart, 272 So. 2d 507, 509 (Fla. 1973)), nor the decisions from courts applying Louisiana law, which National contends is similar to Florida law, are on point with the instant case.  Those decisions concern the public policy need for a contract to state explicitly the parties' intent for one party to indemnify the other for the indemnitee's own negligence.   See Sanislo, 157 So. 3d at 260 (quotations and citations omitted) ("Public policy disfavors exculpatory contracts because they relieve one party of the obligation to use due care and shift the risk of injury to the party who is probably least equipped to take the necessary precautions to avoid injury and bear the risk of loss."  "The rule is that an exculpatory clause may operate to absolve a defendant from liability arising out of his own negligent acts, although such clauses are not favored by the courts.") (emphasis added); id. at 261 (quoting Univ. Plaza Shopping Ctr., 272 So. 2d at 509) ("'A contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms. . . .'") (emphasis added); id. at 264 ("[A]n indemnity agreement only indemnifies the indemnitee for his or her own negligence or negligent acts if the agreement contains a

specific provision protecting the indemnitee from liability caused by his or her own negligence.") (emphasis added).

National has cited no authority for the proposition that an express statement is required when the contracting parties intend that the indemnitee will be held harmless for its own conduct other than negligence, such as a breach of contract. Therefore, no legal authority has been proffered that precludes the contract as written from requiring National to indemnify Westport for Westport's alleged breaches of duties to Candies pursuant to the Policy, when Westport allegedly relied on National's services to make a coverage decision with respect to Candies' reimbursement claim and when National was allegedly negligent in performing its contractual duties to Westport. See id. (quotation and citation omitted) ("Generally, [i]ndemnification provides a party entitled to indemnification the right to claim reimbursement for its actual loss, damage, or liability from the responsible party.").

"[I]ndemnification agreements are construed subject to the general rules of contract construction–the Court looks to the intentions of the parties." The plain language of paragraph 50 of the Letter of Agreement states that National holds Westport harmless from any loss, damage, expense, cost, cause of action, demand, penalty, fine, or claim arising out of any negligent or willful act or failure to act on the part of National in connection with the services contemplated by the Letter of Agreement. In defending against plaintiff's complaint, Westport asserts that the bill review by National upon

- 8 -

which Westport allegedly relied in denying Candies' claim was correct. However, Westport contends that, if it is found liable to plaintiff for damages, National was actually at fault because it created the liability through its negligent provision of services to Westport under the Letter of Agreement. National's liability to Westport for indemnity is thus dependent on Candies's success in its claims for damages against Westport. Considering all well-pleaded facts in the third-party complaint as true and viewing those facts in the light most favorable to Westport, the complaint plausibly asserts a claim against National pursuant to paragraph 50 of their contract.

B.     The Motion to Stay Is Granted

Because the court denies its motion to dismiss, National seeks referral of Westport's claim to arbitration pursuant to paragraph 45 of the Letter of Agreement and Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, and a stay of the litigation against National pending arbitration.

Paragraph 45 of the Letter of Agreement states in relevant part:

> If any controversy or claim arising out of this Agreement cannot be settled by the parties hereto, the controversy or claim shall be settled by arbitration in Pinellas County, Florida, in accordance with the then applicable provisions of the Commercial Arbitration Rules of the American Arbitration Association, and judgment on such arbitration award may be entered in any court having jurisdiction.

Letter of Agreement, Record Doc. No. 24-2 at p.7, ¶ 45 (emphasis added).

Section 3 of the Federal Arbitration Act provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, <u>shall</u> on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

"The Federal Arbitration Act codifies a 'liberal federal policy <u>favoring</u> arbitration agreements.'" <u>TRC Envtl. Corp. v. LVI Facility Servs., Inc.</u>, 612 F. App'x 759, 762 (5th Cir. 2015) (quoting <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 25 (1991)) (emphasis added).

> The determination of whether a party should be compelled to arbitrate involves two steps:  (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.  A presumption of arbitrability applies to step two; ambiguities regarding the scope of the arbitration agreement are resolved in favor of arbitration.  There is no presumption regarding step one (i.e. a presumption that parties entered into an agreement to arbitrate); step one is evaluated on the basis of ordinary state-law principles that govern the formation of contracts.

<u>TRC Envtl. Corp. v. LVI Facility Servs., Inc.</u>, 612 F. App'x 759, 761 (5th Cir. 2015) (quotations and citations omitted).

Westport does not challenge the existence or validity of the arbitration clause in paragraph 45 of the Letter of Agreement.  Therefore, at step one, the court accepts as

valid the agreement to arbitrate disputes arising out of the Letter of Agreement. However, Westport argues that referral to arbitration is premature because National has not tried to settle the claim before filing the instant motion.  Westport also contends that "the 'claim or controversy' and issues in this case relate to the plaintiff's claims against Westport, and not a claim or controversy arising out of the Agreement between Westport and [National]."  Record Doc. No. 27 at p. 9.

As to Westport's first argument, given the presumption of arbitrability that applies at the second step of the arbitration analysis and the rule that any ambiguities regarding the scope of the arbitration agreement are resolved in favor of arbitration, I find that Westport's filing of a third-party complaint against National indicates that the controversy and claim between these two parties "cannot be settled" and that a referral to arbitration is appropriate.

As to Westport's second argument, Westport cannot have it two ways.  Westport alleges in its third-party complaint that National owes it indemnity under the Letter of Agreement because of National's services.  The controversy or claim at issue between these parties clearly arises out of that contract.  The fact that the majority of the issues in this litigation revolve around Candies' claims against Westport is no argument for denying National's motion to compel arbitration pursuant to a binding and unambiguous arbitration provision in the Letter of Agreement.

CONCLUSION

For the foregoing reasons, National's motion to dismiss is denied and its motion to compel arbitration and for a stay is granted.  Accordingly, IT IS ORDERED that Westport must submit the claims in its third-party complaint against National Bill Audit Services, LLC, to arbitration and that those claims in this litigation are STAYED pending arbitration.

New Orleans, Louisiana, this _____5th_____ day of February, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE